IN THE CIRCUIT COURT FOR PRINCE GEORGES COUNTY

| | |
|---|---|
| LADASHIA DAUGHTRY<br>3703 Silver Park Drive, #403<br>Suitland, MD, 20746<br><br>        Plaintiff,<br><br>v.<br><br>RECEIVABLES OUTSOURCING, LLC,<br>DBA THE ROI COMPANIES<br>1920 Greenspring Drive, Suite 200<br>Timonium, MD, 21093<br><br>Serve On:<br><br>    The Corporation Trust, Inc.<br>    351 West Camden Street<br>    Baltimore, MD  21201<br><br>        Defendant. | Case No. CAL16-21977 |

## COMPLAINT

Plaintiff Ladashia Daughtry ("Plaintiff" or "Daughtry"), by and through her attorneys, as and for its Complaint against Defendant Receivable Outsourcing Inc. dba The ROI Companies ("Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of Maryland, County of Prince Georges, residing at 3703 Silver Park Drive 403, Suitland, MD 20746.

3. Defendant is a debt collector with an address at 1920 Greenspring Drive, Ste 200, Timonium, MD, 21093.

4. Defendant Receivable Outsourcing LLC dba The ROI Companies is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt ("Alleged Debt") from the Plaintiff.

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA.

11. Defendant reported the Alleged Debt on the Plaintiff's credit report.

12. Plaintiff disputed the Alleged Debt directly with the Defendant with a dispute letter on October 26, 2015.

13. Plaintiff examined her credit report again on December 10, 2015 and found that Defendant had not removed the credit account nor marked it as "disputed by consumer" despite being required to do so by the FDCPA.

14. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
(Violations of the FDCPA)

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

16. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e(2), 1692e(5), 1692e(8), 1692e(10) and 1692f.

17.  As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ladashia Daughtry demands judgment from the Defendant Receivable Outsourcing Inc. dba The ROI Companies as follows

  a)  For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1;

  b)  For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c)  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

  d)  A declaration that the Defendants practices violated the FDCPA; and

  e)  For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: April 13, 2016

_____
Aryeh E. Stein, Esquire
Meridian Law, LLC
600 Reisterstown Road, Suite 700
Baltimore, MD 21208
Phone:     443-326-6011
Facsimile: 410-653-1061
astein@meridianlawfirm.com