**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| LADASHIA DAUGHTRY, | * |
|     **Plaintiff,** | * |
| | * |
| **v.** | *        Case No.:  PWG-16-2403 |
| | * |
| RECEIVABLES OUTSOURCING, LLC, | * |
|     **Defendant.** | * |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**MEMORANDUM AND ORDER**

Plaintiff Ladashia Daughtry filed suit against Defendant Receivables Outsourcing, LLC ("Receivables") in state court, claiming that Receivables, a debt collector, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  Compl., ECF No. 2.  Receivables filed a motion to dismiss, ECF No. 5, before I issued my customary pre-motion conference letter to the parties, ECF No. 7.  At Receivables's request, ECF No. 8, I then held a pre-motion conference call to discuss the motion.  ECF No. 12.  Receivables asserted that the complaint was subject to dismissal for lack of standing and for failure to state a claim.  I denied Receivables's motion without prejudice to refiling after Daughtry had the opportunity to amend in response to the deficiencies Receivables identified.  ECF No. 13.  Daughtry agreed that any subsequent dismissal would be with prejudice.  *Id.*

Daughtry filed an Amended Complaint, ECF No. 14, although she failed to file "a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type," as required by this Court's Local Rules, *see* Loc. R. 103.6(c).  She claims that Receivables "began collection

activities on an alleged consumer debt from the Plaintiff," reported the debt on her credit report, did not remove it or mark it as disputed after she disputed it, and as a result, "Plaintiff has been actually damaged because her credit score was lower than it should have been had the Defendant removed the credit account nor marked it as 'disputed by customer' as required under 15 U.S.C. §§ 1692e(8)." Am. Compl. ¶¶ 7–14.  Based on these actions, Daughtry claims that Receivables violated various provisions of the FDCPA.  *Id.* ¶ 16.

Receivables has renewed its motion to dismiss Daughtry's Amended Complaint for lack of standing and for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Daughtry has not filed an opposition, and the time for doing so has passed.  *See* Loc. R. 105.2(a). A hearing is not necessary.  *See* Loc. R. 105.6.  Although Daughtry's allegations suffice for purposes of standing, I must dismiss her Amended Complaint because she fails to state an FDCPA claim.

## Standing

This Court may "adjudicate only actual cases and controversies." *Zaycer v. Sturm Foods, Inc.*, 896 F. Supp. 2d 399, 407 (D. Md. 2012) (citing U.S. Const. art. III, § 2; *O'Shea v. Littleton*, 414 U.S. 488, 493 (1974); *Bishop v. Bartlett*, 575 F.3d 419, 423 (4th Cir. 2009)).  In other words, the party seeking to maintain suit in this Court must have standing.  *See id.*; *see also Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) ("The doctrine [of standing] limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.").  To have standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992)).  The "injury in fact" must be "(a) concrete

and particularized and (b) actual or imminent, not conjectural or hypothetical." *Zaycer*, 896 F. Supp. 2d at 408 (quoting *Bishop*, 575 F.3d at 423); *see Spokeo*, 136 S. Ct. at 1548 ("We have made it clear time and time again that an injury in fact must be both concrete *and* particularized.").

Standing is a jurisdictional requirement. *See id.* Therefore, a motion to dismiss for lack of standing is analyzed as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Sherill v. Mayor of Balt.*, 31 F. Supp. 3d 750, 762–63 (D. Md. 2014). The motion "may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" *Id.* (quoting *Kerns v. United States,* 585 F.3d 187, 192 (4th Cir. 2009)). Here, Defendant brings a facial challenge. Def.'s Mem. 3.

> With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. When addressing such a facial challenge, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

*Sherill*, 31 F. Supp. 3d at 763.

Pursuant to Rule 12(b)(6), a complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rule 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not

to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).

The burden is on the plaintiff to establish jurisdiction.[1]   *Sherill*, 31 F. Supp. 3d at 763 (citing *Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir. 1999)).  Specifically, "the plaintiff must 'clearly . . . allege facts demonstrating' each element."   *Spokeo*, 136 S. Ct. at 1547 (quoting *Warth v. Seldin,* 422 U.S. 490, 518 (1975)).

Here, Daughtry claims that she "has been actually damaged because her credit score was lower than it should have been had the Defendant removed the credit account nor [sic] marked it as 'disputed by customer' as required under 15 U.S.C. §§ 1692e(8)."   Am. Compl. ¶ 14. Receivables argues that this alleged injury is not "concrete" under the standard set in *Spokeo*. The *Spokeo* Court held that "[a] 'concrete' injury must be '*de facto*'; that is, it must actually exist," although it need not be "tangible."   136 S. Ct. at 1548–49 (citing Black's Law Dictionary 479 (9th ed. 2009)).  Additionally, "the risk of real harm [may] satisfy the requirement of concreteness."  *Id.* at 1549.

This Court has not yet addressed whether, in the context of the FDCPA, a lowered credit score suffices as an injury in fact for purposes of standing.  But, this Court has concluded that an allegation of "harm to [the plaintiff's] credit score" is a sufficient allegation of damages to survive a motion to dismiss a claim under the Maryland Consumer Debt Collection Act, Md. Code Ann., §§ 14-201 *et seq.   Peckey v. Bank of Am., N.A.*, No. RDB-14-433, 2015 WL

---

[1] Even where, as here, it is the defendant that invokes this Court's jurisdiction by removing the case, such that "plaintiffs were not initially the parties that invoked federal jurisdiction," the burden still falls on the plaintiff in the removed case to establish jurisdiction in the face of Defendant's challenge.  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).

1622967, at *5 (D. Md. Apr. 10, 2015).  The Court reasoned that "it is certainly plausible under *Twombly* and *Iqbal* that the false reporting of delinquencies harmed [the plaintiff's] credit score and adversely affected his ability to obtain credit, goods, and services."  *Id.*

With regard to the pleading requirements for standing, recent case law from other jurisdictions is informative.  In *Diedrich v. Ocwen Loan Servicing, LLC*, a case brought under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, the Seventh Circuit concluded that the plaintiffs' allegations that "they ha[d] suffered *damage to their credit* and been forced to pay Ocwen greater payments and a higher interest rate" were "allegations of concrete injuries and as such are sufficient to allege standing under *Twombly*, *Iqbal* and *Spokeo*." 839 F.3d 583, 591 (7th Cir. 2016) (emphasis added).  In *Green v. RentGrow, Inc.*, a case alleging a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, the plaintiff claimed, as his injury, that "his credit score diminished as a result of RentGrow's alleged conduct." No. 16CV421, 2016 WL 7018564, at *3 (E.D. Va. Nov. 10, 2016), *report and recommendation adopted,* No. 16CV421, 2016 WL 7031287 (E.D. Va. Nov. 30, 2016).  The Eastern District of Virginia concluded that the plaintiff "allege[d] an injury in fact sufficient to confer standing," noting that less is needed to allege injury for standing purposes than to withstand a Rule 12(b)(6) motion.  *Id.* at *8.  In *Santangelo v. Comcast Corp.*, another FCRA case, the Northern District of Illinois

> agree[d] with Santangelo that a depleted credit score is sufficient to constitute an injury-in-fact for the purposes of establishing Article III standing. Credit scores are of great importance in our economy, and a depleted credit score could affect a consumer in numerous ways, inflicting harm that often may be difficult to prove or quantify. Congress has the power to discourage the needless depletion of consumers' credit scores even when the depleted score cannot be neatly tied to a financial harm. While discovery may well show that Santangelo did not suffer any actual damages as a result of his lower credit score, at this preliminary stage, his allegations are sufficient to establish Article III injury-in-fact.

162 F. Supp. 3d 691, 698 (N.D. Ill. 2016).  I am satisfied that Plaintiff has standing, based on her allegation that she "has been actually damaged because her credit score was lower than it should have been," Am. Compl. ¶ 14, in which she alleges a concrete injury.  *See Spokeo*, 136 S. Ct. at 1547–49; *Diedrich*, 839 F.3d at 591; *Green*, 2016 WL 7018564, at *8; *Santangelo*, 162 F. Supp. 3d at 698; *see also Peckey*, 2015 WL 1622967, at *5.

### FDCPA Claim

Receivables argues that, even if this Court has jurisdiction, Daughtry's "Amended Complaint is nonetheless subject to dismissal because she has not alleged that she incurred a consumer debt." Def.'s Mem. 7.  The FDCPA "protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996) (quotation omitted)). To state a claim for relief under the FDCPA, Plaintiff must allege that "(1) [she] has been the object of collection activity *arising from consumer debt*, (2) the defendant is a debt [ ] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Id.* at 759–60 (citation omitted) (emphasis added); *see Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC*, 929 F. Supp. 2d 502, 524 (D. Md. 2013) (citing 15 U.S.C. § 1692). Defendant challenges the first element.  Def.'s Mem. 8.

Consumer debt is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Alston v. Cavalry Portfolio Servs., LLC*, No. 12-3589-AW, 2013 WL 665036, at *2 (D. Md. Feb. 22, 2013) (quoting 15 U.S.C. § 1692a(5)).

Thus, to state a claim under the FDCPA, Daughtry "must allege . . . that the subject of the debt is primarily for 'personal, family, or household purposes.'" *Id.* (quoting 15 U.S.C. § 1692a(5); citing *Boosahda v. Providence Dane LLC,* 462 Fed. App'x 331, 335 (4th Cir. 2012)). Daughtry alleges only that Receivables "began collection activities on an alleged *consumer debt* from the Plaintiff ('Alleged Debt'), the nature of which is better known to Defendant," and that "[u]pon information and belief, the Alleged Debt was incurred as a financial obligation that was *primarily for personal, family or household purposes* and is therefore a 'debt' as that term is defined by 15 U.S.C. § 1692a(5)." Am. Compl. ¶¶ 7–8 (emphasis added).

*Alston*, 2013 WL 665036, provides guidance. There, this Court concluded that the plaintiff "inadequately allege[d] that the subject of the debt at issue [was] for personal, family, or household purposes," where his "main allegation to support the conclusion that the debt was consumer in nature [was] that it 'arose from services provided by HSBC, which were primarily for family, personal, or household purposes.'" 2013 WL 665036, at *3. The Court observed that there were "inferable allegations that the credit card was in Plaintiff's personal name and reported to his personal credit report," but those allegations also failed to "create a plausible inference that the subject of the debt was for personal, family, or household purposes" because "a person could just as readily use a credit card in his or her name to incur, among other things, business expenses," and "the debt collector's treatment of the debt says little about whether it arose from consumer purposes." *Id.* Here, likewise, Daughtry's allegations of consumer debt are no more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which "do not suffice." *See Iqbal,* 556 U.S. at 678–79; *see also Alston*, 2013 WL 665036, at *3. Further, it is hard to conceive how Daughtry would not have actual knowledge of the purpose of the debt or how Receivables would know its purpose better than

Daughtry, as she claims.  Therefore, her FDCPA claim must be dismissed. *See Iqbal*, 556 U.S. at 678–79; *Alston*, 2013 WL 665036, at *3; Fed. R. Civ. P. 12(b)(6).  As noted, this dismissal will be with prejudice.  *See* ECF No. 13.

## **ORDER**

Accordingly, it is, this <u>17th</u> day of <u>January</u>, <u>2017</u>, hereby ORDERED that

1.  Defendant's Motion to Dismiss, ECF No. 15, IS GRANTED;

2.  Plaintiff's Amended Complaint IS DISMISSED WITH PREJUDICE; and

3.  The Clerk SHALL MAIL a copy of this Memorandum and Order to Plaintiff and CLOSE THIS CASE.


_____/S/_____
Paul W. Grimm
United States District Judge

lyb

8